UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRANVILLE C. COLLINS, | ) | CASE NO.: 5:07CV1669 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHELE EBERLIN, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 2254, Petitioner Granville Collins ("Petitioner"), a prisoner in custody at the Belmont Correctional Institution, is challenging his convictions for two counts of cocaine possession, illegal use or possession of drug paraphernalia, resisting arrest and marijuana possession. ECF Dkt. #1. On August 20, 2007, the case was referred to the undersigned for a Report and Recommendation. ECF Dkt. #5. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice.

**I.  FACTS**

The Ninth District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Ninth District Court of Appeals, the facts are:

> On May 4, 2004, at approximately 7:30 p.m., members of the Akron Police Department had an informant call appellant and order one half once of crack cocaine to be delivered at a parking lot across from 631 N. Howard Street. The police monitored the phone call between the informant and appellant. The police then followed appellant as he left form his house to meet the informant. When appellant arrived at the intersection of Cuyahoga and Shelby Streets, the police stopped his car and ordered him out of the vehicle. Appellant attempted to flee the scene and locked himself inside the vehicle.

> While the police were attempting to get appellant to exit the vehicle, Detective Williams observed appellant placing something under the front seat of the vehicle. After appellant was removed from the vehicle and placed under arrest, the police found $550 in his pants pocket. Detective Williams searched the vehicle and found 1 unit dose of crack cocaine in a plastic bag in the center console and 12 grams of crack cocaine under the front seat where he had observed appellant reaching under the seat.
>
> After appellant was taken to the police station, he cooperated with the police and gave them the name of the person that supplied him with cocaine. Appellant also told the police that he had additional cocaine, marijuana, and currency in the dresser located in the master bedroom at his house. When the police executed a search warrant at appellant's residence, they found 51.7 grams of crack cocaine, a spoon with cocaine under appellant's bed, a digital scale, and 26.3 grams of marijuana.

ECF Dkt. #14 at 1-2.

## II.  PROCEDURAL HISTORY

### A.  State Trial Court

On May 12, 2004, the Grand Jury for Summit County, Ohio issued an indictment alleging 6 charges against Petitioner: (Count 1) possession of cocaine in violation of Ohio Revised Code (O.R.C.) § 2925.11(A); (Count 2) illegal use or possession of drug paraphernalia in violation of O.R.C. § 2925.14(C)(1); (Count 3) possession of cocaine in violation of O.R.C. § 2925.11(A); (Count 4) possession of marijuana in violation of O.R.C. § 2925.11(A); (Count 5) felonious assault in violation of O.R.C. § 2903.11(A)(2); and (Count 6) resisting arrest in violation of O.R.C. § 2921.33(A). ECF Dkt. #11, Exhibit 1.

On August 1, 2005, Petitioner, through counsel, filed a motion to suppress. ECF Dkt. #11, Exhibit 2. The trial court denied Petitioner's motion to suppress on August 19, 2004. ECF Dkt. #11, Exhibit 3. Petitioner, again through counsel, filed a motion for the court to reconsider the denial of his motion to suppress, but the court denied the motion for reconsideration. ECF Dkt. #11, Exhibits 5, 7.

A jury trial ensued and the jury found Petitioner guilty of two counts of cocaine possession, illegal use or possession of drug paraphernalia, and resisting arrest. ECF Dkt. #11, Exhibit 8. Petitioner elected to have a trial to the court on the charge of marijuana possession and the court found him guilty of that charge as well. *Id.* The court sentenced Petitioner to an aggregate term of 13 years of imprisonment. *Id.*

On November 2, 2005, Petitioner, through counsel, filed a motion to reconsider his sentence in the trial court. ECF Dkt. #11, Exhibit 9. On December 14, 2005, the court denied this motion. ECF Dkt. #11, Exhibit 11.

### B. Direct Appeal

On March 27, 2006, Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals for the Ninth District. ECF Dkt. #11, Exhibit 12. Petitioner asserted the following assignments of error in his appellate brief:

1. The Trial Court Committed Reversible Error when it Admitted into Evidence Unfairly Prejudicial Evidence.

2. Prosecutorial Misconduct Deprived Collins of a Fair Trial, Meriting Reversal.

3. Collins' conviction was against the manifest weight of the evidence.

*Id.*

On September 13, 2006, the appellate court affirmed Petitioner's conviction. ECF Dkt. #11, Exhibit 14.

### C. Supreme Court of Ohio

On January 4, 2007, Petitioner filed a *pro se* motion for delayed appeal in the Supreme Court of Ohio. ECF Dkt. #11, Exhibit 15. In this motion, Petitioner explained that the Ohio Supreme Court had rejected his initial appeal because he had failed to attach a copy of the judgment entry from which he was appealing as required by Ohio Supreme Court Rules and he had also failed to provide a reason for why he could not afford to pay the filing fee. *Id.*

On February 28, 2007, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal. ECF Dkt. #11, Exhibit 16.

### III. FEDERAL HABEAS CORPUS PETITION

On May 21, 2007, Petitioner filed the instant petition. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raised the following grounds for relief:

| | | |
|---|---|---|
| GROUND ONE: | | PREJUDICIAL EVIDENCE ADMITTED. |
| Supporting FACTS: | | Evidence that was introduced by the Prosecution of the Detectives claiming that I had admitted to giving them information that I had never given them was introduced. This false information was prejudicial to my case. |
| GROUND TWO: | | Mis-Conduct, Depriving Petitioner of a fair trial. |
| Supporting FACTS: | | The Prosecutorial Mis-Conduct of the Prosecutor prejudiced the Petitioner when he was allowed to introduce as evidence that which had not been viewed, pior[sic] to trial, by the Petitioner nor by Petitioner's Counsel. |
| GROUND THREE: | | Manifest Weight of Evidence |
| Supporting FACTS: | | Had it not been for the introduction of evidence that was not only prejudicial but erroneous Petitioner would never have been convicted of these offenses. In this sort of sham legal process, where evidence is routinly[sic] fabricated to obtain an indictment and/or a conviction, a criminal defendant has no chance of proving his innocence, even when innocent. |
| GROUND FOUR: | | ILLEGAL SEARCH AND SEIZURE/WARRANTLESS SEARCH |
| Supporting FACTS: | | All the evidence the Prosecutor was allowed to enter into evidence was the result of a warrantless search and illegal search and seizure. Had it not been for this illegally obtained evidence no jury could have found me guilty. |
| GROUND FIVE: | | EXCLUSION OF EVIDENCE. |
| Supporting FACTS: | | All evidence obtained through the Illegal Search and seizure should have been excluded for the lack of a Search Warrant. And testimony was introduced into evidence that was never made part of Discovery. |
| GROUND SIX: | | Constitutional violations of Due Process and Equal Protection |
| Supporting FACTS: | | I was not allowed to challenge statements, present evidence in my defense, nor was I allowed to attact[sic] the credibility of the state's witness. Furthermore, I was never allowed to confrount[sic] their witness nor my accuser. As I said before, all the evidence used was the result of an Illegal and Warrantless Search and Seizure and should never been admitted in a Court of Law as evidence. |
| GROUND SEVEN: | | Ineffective Assistance of Counsels. |
| Supporting FACTS: | | My counsels were ineffective at representing me, in that they failed in producing the record of the State's star Mr. Collins. They failed in illiciting[sic] information that would have/could |

-4-

>have destroyed the credibility of this witness for the State. They further failed in their attacking the credibility of evidence which was seized after a warrantless stop and an Illegal search of the vehicle. They also failed in their cross-examination of police detectives concerning my interrogation which was done without the benifit[sic[ of being read my Miranda rights, and the false statement by the detectives of my having given them information about my guilt.

ECF Dkt. #1.

On December 14, 2007, Respondent filed her answer/return of writ. ECF Dkt. #8. Petitioner thereafter filed a motion to stay and/or place his petition in abeyance and he filed a motion for leave to amend his petition. ECF Dkt. #s 11, 12. Respondent has filed a memorandum in opposition to Petitioner's motion to stay and/or place his petition in abeyance. ECF Dkt. #9.

## IV.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. However, among other assertions, Respondent contends that Petitioner's claims are procedurally defaulted because he failed to timely appeal to the Ohio Supreme Court and his motion for delayed appeal before that court was denied. ECF Dkt. #11 at 12.

### B.   Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of

procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of

jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

**V.    ANALYSIS**

Respondent asserts that Petitioner failed to present a timely appeal to the Ohio Supreme Court and that court denied his motion for delayed appeal. Respondent concludes that Petitioner has

therefore procedurally defaulted all of his instant grounds for relief before this Court because the Supreme Court of Ohio's denial of his motion for delayed appeal meets the *Maupin* test and Petitioner fails to show cause for the default and prejudice.

In order to determine whether procedural default bars Petitioner's instant grounds for relief, the undersigned must apply the four-pronged *Maupin* test.  The undersigned recommends that the Court find that the first prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court.  Rule II, Section 2(A)(1)(a) of the Rules of Practice for the Ohio Supreme Court requires a party to file a notice of appeal with the Ohio Supreme Court within forty-five days of the entry of judgment from which he is appealing.  Ohio S.Ct. Prac. R. II, § 2(A)(1)(a).  Petitioner stated in his motion for delayed appeal that he filed a timely appeal to the Ohio Supreme Court on October 31, 2006, but the court rejected the notice of appeal because he failed to attach a copy of the judgment entry from which he sought appeal and he failed to provide reasons explaining why he could not afford to pay the filing fee.  Ohio Supreme Court Rule of Practice III(E) provides that the Clerk shall refuse to file the notice of appeal if the appellant fails to file a copy of the appellate court opinion and judgment entry being appealed with his memorandum in support of jurisdiction and the notice of appeal.  Ohio Sup. Ct. Prac. R. III.  Petitioner did not file the proper supporting documentation with his notice of appeal and thus, his appeal to the Ohio Supreme Court was untimely and not filed by the Clerk because he failed to include those documents.

Consequently, the first notation on the Ohio Supreme Court's docket is Petitioner's January 4, 2007 filing of his notice of appeal, motion for delayed appeal, and attached copy of the appellate court's opinion and judgment entry.  ECF Dkt. #11, Exhibit 15.  If a party fails to file a timely appeal
with the Ohio Supreme Court, he may file a motion for delayed appeal under Rule II, Section 2(A)(4)(a) of the Ohio Supreme Court Rules of Practice.  Ohio S.Ct. Prac. R. II §2(A)(4)(a).  However, this Rule requires the appellant to follow particular procedures before the Ohio Supreme Court will accept the motion for delayed appeal. On February 28, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal in this case.  ECF Dkt. #11, Exhibit 16.

-8-

The Ohio Supreme Court's denial of the motion for delayed appeal constituted a denial solely on procedural grounds even though the Ohio Supreme Court did not specify it as such since no documents addressing the merits were before the court to rule upon at that time. A memorandum in support of jurisdiction is not filed with the motion for delayed appeal and cannot be filed until after the court grants the motion for delayed appeal. Ohio Sup. Ct. Prac. R. II(A)(4). Accordingly, the undersigned recommends that the Court find that the second prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court for filing a motion for delayed appeal.

The second prong of the *Maupin* test is also satisfied because the Ohio Supreme Court enforced the procedural bar. Again, as explained above, while the Ohio Supreme Court did not specifically state that it rejected Petitioner's motion for delayed appeal because it was not filed according to procedure, the only basis upon which the court could reject the motion was because of procedure since no memorandum in support of jurisdiction was filed or required to be filed with the motion for delayed appeal. In *Barkley v. Konteh*, Judge Gwin held that "By its very nature, a denial of a motion for leave to file a delayed appeal is a denial solely on procedural grounds even if the court does not expressly cite the procedural bar in its denial. Second, courts have held that a denial of a request for a delayed appeal is a procedural default without merits review." 240 F.Supp.2d 708, 712 (N.D. Ohio 2002)(citations omitted).

Turning attention to the third prong of the *Maupin* test, Petitioner's failure to file a timely appeal with the Ohio Supreme Court is an adequate and independent ground on which the state can rely to bar review. *Barkley*, 240 F.Supp. at 713, citing *County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 148, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)**. The Ohio Supreme Court's denial of Petitioner's motion for delayed appeal is also an adequate and independent ground upon which the state can rely to bar review because the Ohio Supreme Court's Rules of Practice "clearly show that a denial of a motion for delayed appeal is a procedural denial. Further, Ohio cases appear to have consistently held such a denial to be a procedural bar.** *See,*

-9-

*e.g., Hall,* 234 F.3d 1268; *Shabazz,* 149 F.3d 1184, 1998 WL 384559 at *1; *Ginyard,* **No. C-3-01-343 (S.D.Ohio Jan. 22, 2002)." Barkley, 240 F.Supp.2d at 713.** .

Under the fourth prong of the *Maupin* test, Petitioner does not allege cause for failing to comply with the state procedural rule.  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Therefore, the fourth prong of the *Maupin* test is satisfied.

## VI.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition with prejudice because Petitioner has procedurally defaulted all of his grounds for relief.

Moreover, because the undersigned is recommending that the Court dismiss the instant petition with prejudice because Petitioner has procedurally defaulted all of his grounds for relief, the undersigned further DENIES Petitioner's motion for leave to amend his petition (ECF Dkt. #12) and DENIES Petitioner's motion to stay and/or place his petition in abeyance (ECF Dkt. #8.).


**Date: April 9, 2008**              */s/George J. Limbert*
                                     **GEORGE J. LIMBERT**
                                     **UNITED STATES MAGISTRATE JUDGE**


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).